He v. Holder

BIA
Balasquide, IJ
A087 443 521

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges.*

_____

FENG MING HE,
>    *Petitioner,*

v.                                          12-849
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:         Troy Nader Moslemi, Moslemi and
                        Associates, Inc., New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Emily Anne
                        Radford, Assistant Director; Aric A.
                        Anderson, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Feng Ming He, a native and citizen of the People's Republic of China, seeks review of a February 7, 2012, decision of the BIA affirming the January 25, 2010, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Feng Ming He*, No. A087 443 521 (B.I.A. Feb. 7, 2012), *aff'g* No. A087 443 521 (Immig. Ct. N.Y. City Jan. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

2

For asylum applications, such as He's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's inconsistent testimony, without regard to whether the inconsistencies go "to the heart of the applicant's claim."  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The agency found that He was incredible based on his inconsistent testimony regarding his son's birth, baptism, and death.  He challenges the adverse credibility determination, contending that the inconsistencies were merely minor, and that they can be explained by memory issues and psychological trauma.  However, the agency "may rely on *any* inconsistency [] in making an adverse credibility determination," where, as here, the totality of the circumstances establishes the applicant is incredible. *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original).  He's explanations are insufficient to compel the conclusion that his testimony was credible, especially given his statement that his son's tragic death triggered his interest in Christianity, the basis of his persecution claim.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

3

As the only evidence of a threat to He's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk